UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:03-cr-0196 (L/F) |
| ) | |
| MICHAEL SHIRLEY, ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable William T. Lawrence, Judge, on February 22, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on January 5, 2011, and to submit to Judge Lawrence proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held on February 23, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Shirley appeared in person with his appointed counsel, Juval Scott, Office of the Indiana Federal Community Defender. The government appeared by Gayle Helart, Assistant United States Attorney. U. S. Parole and Probation appeared by Chris Dougherty, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18 U.S.C. Subsection 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Ms. Juval Scott, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Shirley in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Shirley and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Shirley was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Shirley was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Shirley was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Shirley had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Lawrence's designation.

7. Ms. Scott stated that Mr. Shirley would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release set forth in the Petition. Mr. Shirley executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Shirley, by counsel, stipulated that he committed the specified violations as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month."** |
| | The offender is currently considered an absconder and his whereabouts are unknown. The offender has failed to report to the probation office on several occasions and has failed to respond to directives to call the probation officer. The last person-to-person contact with the offender was on December 7, 2010. This probation officer has been unable to locate the offender at his last reported address of 4212 North Whittfield Street, and has been unable to locate him at his mother's residence, 4902 East 35th Street. There has been no contact with the offender in over three weeks, other than by voice mail messages left by the offender. |
| 2 | **"The defendant shall reside for a period of up to 180 days at a community corrections center as directed by the probation officer and shall observe the rules of that facility."** |
| | In response to the accumulated non-compliance by the offender, the Court ordered a modification to include a 180 day placement at Volunteers of America, on November 30, 2010. The offender was provided with a designation date of December 23, 2010, but failed to report as directed. Per his mother and cousin, with whom he was living, he was aware of this report date. The probation officer left voice mail messages for the offender advising him a warrant would be requested from the Court for his failure to report as directed. On December 28, 2010, this officer received a voice mail message from the offender's mother, Denise Shirley, and she advised he son wished to "turn himself in to the V.O.A." This officer left numerous voice mail messages for the offender on his cell phone on December 30, 2010, advising he would be provided a second chance to report to V.O.A. on that date. The offender left a voice mail message for this probation officer on December 30, 2010, indicating he could not arrange transportation to the V.O.A. There has been on contact with the offender since December 30, 2010. |

| | |
|---|---|
| **3** | **"The defendant shall refrain from any unlawful use of a controlled substance."**

**"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

**"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

The offender submitted three urine screens which tested positive for cocaine on September 27, 2010; November 3, 2010; and on November 12, 2010. The offender admitted using cocaine to produce these positive screens. |
| **4** | **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion fo the fees."**

The offender failed to report as directed for five random urine drug screens. The offender failed to report on October 27, 2010; October 31, 2010; November 4, 2010; November 19, 2010; and on December 4, 2010. |
| **5** | **"The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons."**

The offender has been unemployed for the entire three months of his supervision. He has failed to show a good faith effort to secure employment. |

The Court placed Mr. Shirley under oath ad directly inquired of him whether he admitted violations of the specifications of his supervised release set forth above. Mr. Shirley stated that he admitted the above violations as set forth. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties stipulated the following:

(1) Mr. Shirley and the government agreed they were ready to proceed to disposition on the pending Petition to revoke supervised release in open Court this date.

(2) Mr. Shirley admitted he committed the violations of specifications set forth in the Petition to Revoke Supervised Release stated above. As to violation numbered 5 above, Mr. Shirley admitted that he is not employed, but has attempted to secure employment.

(3) Mr. Shirley has a relevant criminal history category of VI. *See*, U.S.S.G. §7B1.4(a).

(4) The most serious grade of violation committed by Mr. Shirley constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

(5) Pursuant to U.S.S.G. §7B1.4(a), upon revocation of supervised release the range of imprisonment applicable to Mr. Shirley is 21-24 months.

(6) The parties did not agree on the appropriate disposition of the case.

9. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court, having heard the admissions of the defendant, the stipulations and evidence submitted by the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release. The defendant's supervised release is therefore **REVOKED** and Michael Shirley is sentenced to the custody of the Attorney General or his designee for a period of 21 months. After service of his sentence, the defendant shall not be subject to supervised release.

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28 U.S.C. §636(1)(B) and (C) and Rule 72(b) of the *Federal*

*Rules of Civil Procedure.* You shall have 14 days after being served with a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of facts and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

The Magistrate Judge requests that Ms. Dougherty, U. S. Parole and Probation Officer, prepare for submission to the Honorable William T. Lawrence, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Shirley's supervised release and imposing a sentence of imprisonment of 21months in the custody of the Attorney General or his designee. It is recommended that the defendant be incarcerated at Federal Correctional Institution in Manchester, Kentucky. Further, that upon Mr. Shirley's release from confinement, he will not be subject to a term of supervised release.

**IT IS SO RECOMMENDED** this 24th day of February 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Gayle Helart,
Assistant United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Juval Scott,
Office of Indiana Federal Community Defender
One Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal